UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JAMES BANKS** | **CIVIL ACTION NO. 16-836-P** |
| **VERSUS** | **JUDGE HICKS** |
| **COL. LONNIE NAIL** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff James Banks ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on June 9, 2016. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and claims his civil rights were violated by prison officials. He names Col. Lonnie Nail as defendant.

Plaintiff claims that on February 25, 2015, he was attacked and assaulted by inmate Anthony Thomas in a cell that was designed to hold only one inmate. He claims Thomas had a recorded history of mental health issues and violence toward other inmates and security. He claims Col. Lonnie Nail placed Thomas in his cell even though he was aware of his history as a violent mental health patient. He claims Thomas stomped and beat him. He claims Thomas had stopped taking his medication two weeks prior to the attack.

Plaintiff claims he received numerous injuries including severe facial trauma, lacerations, and broken bones. He claims he was transported to the hospital in Homer, Louisiana. He claims he was treated for severe blood loss. He claims he was then transferred to LSU Medical Center for further treatment. Plaintiff claims Dr. Fuller at David Wade Correctional Center diagnosed him as having severe post traumatic concussion.

Plaintiff admits he made sick calls on June 8 and 18, August 25, November 10 and 30, 2015 and February 16, 2016, but claims he was denied medical treatment. Plaintiff claims that on June 8 and 18, 2015, he was not allowed to see a doctor or specialist even though he was in extreme pain. He admits he was seen by nurses Tammy Poole and John. He claims that on August 25, 2015, November 10 and 30, 2015 and February 16, 2016, nurse Tammy Poole denied him medical treatment because she did not allow him to see a doctor or specialist. He admits that on August 25, 2015, November 10, 2015, November 30, 2015, and February 16, 2016, he was examined by Poole. Plaintiff claims that on June 23, 2015, Dr. Hearns denied him adequate medical care because he did not receive treatment or therapy and was not allowed to see a specialist. He admits he was examined and an eye examination was performed. He claims that on August 28, September 28, and December 1, 2015, Dr. Fuller denied him adequate medical treatment because he did not receive treatment or therapy and was not allowed to see a specialist. He claims he was denied medication for his symptoms. He claims that on August 25, 2015 and September 28, 2015, Dr. Fuller told him that he did not think there was a medication for concussions, but admits that Dr. Fuller examined him. He also admits that on December 1, 2015, Dr. Fuller referred

him to the Neurology Clinic. Plaintiff claims he should have been allowed to see a neurologist, trauma specialist, and eye specialist. He also claims he should have been given a CT scan. He admits that he was given a duty status for no walking more than a tenth of a mile.

Plaintiff claims he still suffers blurred vision, severe headaches, dizziness, loss of consciousness, night sweats, recurring pain, loss of sleep, nightmares, and spots and lines in his field of vision. He claims he has made numerous sick calls with no relief. He claims his problems are getting worse. He claims he is unable to eat or keep food down.

Accordingly, Plaintiff seeks compensatory and punitive damages, all costs, injunctive relief, and any other necessary relief.

## LAW AND ANALYSIS

**Prescription**

In Wilson v. Garcia, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims. The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used. Id. at 280. In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." Gates, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions. The article subjects delictual actions to a liberative prescription of one year. See

La. C.C. art. 3492. The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." Watts v. Graves, 720 F.2d 1416, 1417 (5th Cir. 1983). Finally, prescription on the claim is tolled while the administrative remedy procedure is pending. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

Plaintiff claims his civil rights were violated by Defendant Lonnie Nail on February 25, 2015, when he was attacked by inmate Thomas. Thus, prescription began to run as to these claims in February of 2015. The above entitled and numbered complaint was not signed by Plaintiff until May 29, 2016, and it was not filed by the Clerk of Court until June 9, 2016. Plaintiff's claims are therefore prescribed.

Accordingly, Plaintiff's civil rights claims regarding the inmate attack should be dismissed as frivolous.

**Medical Treatment**

Plaintiff claims he has received inadequate medical treatment for the injuries he received during the inmate attack. He filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v.

McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits that after the attack, he was transported to the hospital in Homer, Louisiana and then transported to LSU Medical Center for further treatment. He also admits that he was seen for sick calls on June 8 and 18, August 25, November 10 and 30 of 2015, and February 16, 2016. He admits that at each of these visits he was seen my a member of the medical staff. He admits that he was given a duty status for no walking more than a tenth of a mile. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff disagrees with the treatment that Defendants provided him. He claims he should have been given allowed to see a neurologist, trauma specialist, and eye specialist. He further claims he should have had a CT scan. He also claims he should have been given medication. As previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment

was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical treatment claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and

Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 7th day of July, 2017.

Mark L. Hornsby
U.S. Magistrate Judge